UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| RICHARD LEONARD, | |
| Plaintiff, | CIVIL ACTION FILE NO. |
| v. | |
| FLORIDA ROCK & TANK LINES, INC., | **JURY TRIAL DEMANDED** |
| Defendant. | |

## COMPLAINT

COMES NOW Plaintiff, Richard Leonard ("Plaintiff"), by and through his undersigned counsel, The Kirby G. Smith Law Firm, LLC, and hereby files this Complaint against Defendant Florida Rock & Tank Lines, Inc. (hereinafter "Defendant" or "FRTL"), showing the following:

### I. NATURE OF COMPLAINT

1. Plaintiff brings this action for damages, reasonable attorney's fees, court costs, and expenses based on Defendant's violation of his rights pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA") and the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, et seq. ("FMLA").

## II. PARTIES

2. Plaintiff is a resident of the State of Georgia, a citizen of the United States of America, and is subject to the jurisdiction of this Court.

3. Defendant is a Foreign Profit Corporation with a principal office located at 200 W Forsyth Street, 7th Floor, Jacksonville, Florida 32202.

4. Defendant may be served by delivering a copy of the Complaint and Summons to its Registered Agent, The Corporation Company, 106 Colony Park Drive Ste. 800-B, Cumming, Georgia, 30040-2794.

5. Defendant is subject to the requirements of the laws enumerated in the Jurisdiction and Venue section of this Complaint.

## III. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over Count I of this Complaint, which arises out of the ADA.

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over Count II of this Complaint, which arises out of the FMLA.

8. The majority of the events plead herein occurred at the work site of 2721 Phillips Dr, Albany, Georgia 31721.

9. This Court has jurisdiction over the parties of this action because a substantial portion of the employment practices described herein took place within

the Albany Division of the Middle District of Georgia.

10. Plaintiff exhausted all administrative remedies in this matter. *Dismissal and Notice of Rights*, Ex. 1.

11. This action has been timely commenced.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## IV. FACTUAL ALLEGATIONS

13. Defendant is now, and at all times relevant hereto has been, an employer subject to the ADA.

14. Defendant is now, and at all times relevant hereto has been, an employer subject to the FMLA.

15. FRTL is a transporter of fuel, petroleum products, and dry bulk.

16. Plaintiff employed by FRTL from February 2021, until his termination on July 6, 2021.

17. Plaintiff previously worked for Defendant as a Dispatcher from December 2016, until March 2020.

18. During all times relevant to his legal claims, which arise from his employment in 2021, Plaintiff worked as a Supervisor in the company's Albany, Georgia location.

19. There, Plaintiff reported to Ms. Patricia Cook (Terminal Manager) and Mr.

Jeff Hall (District Manager).

20. Plaintiff had an overall positive history with FRTL, having received no disciplinary actions or poor performance reviews.

21. On or about May 6, 2021, Plaintiff was informed that his mother had suffered a cardiac arrest and was in a coma.

22. Plaintiff took the next few days off to care for his mother while she was in the hospital.

23. On May 12, 2021, Mr. Hall texted Plaintiff and stated in no uncertain terms that the company was placing Plaintiff on leave pursuant to the FMLA.

24. Plaintiff had not previously requested such leave.

25. Mr. Hall informed Plaintiff that "FMLA protects your job and I believe keeps benefits in place…"

26. Based on that communication from the company as to Plaintiff's FMLA rights, Plaintiff remained on leave through the next few weeks.

27. Plaintiff would not have remained on leave, if not only for Defendant's communications and assurance that he qualified for FMLA leave and that it would protect his job.

28. On May 19, 2021, Plaintiff informed Defendant that his mother died and that he would need to remain on leave at least through her funeral.

29. Plaintiff also communicated to Mr. Hall that his mother's death was taking a toll on his mental health, which substantially affected his life activities.

30. Defendant did not request that Plaintiff submit medical records supporting his mental health issues, nor did it inquire as to the duration of his condition.

31. Plaintiff's additional leave was approved.

32. On or about May 27, 2021, Plaintiff informed Defendant that he would return to work on or about June 22, 2021, which the company approved.

33. On or about June 16, 2021, Plaintiff informed Mr. Hall that he would have to push his work date back to July 6, 2021, in order to seek grief counseling.

34. This leave extension was also approved by Defendant.

35. In late June, Plaintiff spoke with Ms. Cook regarding his return to work.

36. Ms. Cook informed Plaintiff that he was to return to work on July 6, 2021, at which time he would be "taken off FMLA."

37. Upon his return, Plaintiff was informed that Mr. Hall hired someone else into Plaintiff's position.

38. Plaintiff was further advised that his employment had been terminated for job abandonment.

39. When pressed further, Mr. Hall stated that Mr. Hall and Defendant were incorrect, and that Plaintiff actually was not eligible for FMLA at any point.

40. This was never communicated to Plaintiff prior to his termination.

41. During the same conversation, Mr. Hall informed Plaintiff that the company didn't expect someone would "be out that long" due to a death and subsequent grief counseling.

42. Similar comments made by Mr. Hall have been confirmed by witnesses.

43. Following his termination, Plaintiff filed a claim with the Equal Employment Opportunity Commission ("EEOC"), Charge Number 410-2022-00371.

44. Plaintiff received his Dismissal and Notice Rights from the EEOC, dated June 14, 2023.

## V. CLAIMS FOR RELIEF

## COUNT I: ADA DISCRIMINATION

45. Plaintiff incorporates by reference all Paragraphs and allegations set forth in this Complaint as though fully and completely set forth herein.

46. Plaintiff was qualified for his position.

47. Plaintiff was a disabled individual, of which Defendant was aware.

48. Alternatively, Plaintiff was perceived as disabled by Defendant.

49. Plaintiff suffered the adverse action of termination.

50. Plaintiff's termination occurred on the heels of his notice to the company of

his medical condition and treatment, as well as usage of FMLA leave to treat that condition.

51. Defendant has no legitimate business reasons for the adverse action against Plaintiff.

52. Plaintiff suffered damages as a result of Defendant's discrimination, for which he is entitled to recovery.

## COUNT II: FMLA RETALIATION

53. Plaintiff incorporates by reference all Paragraphs and allegations set forth in this Complaint as though fully and completely set forth herein.

54. Plaintiff engaged in protected activity under the FMLA when he took medical leave.

55. Plaintiff was replaced by another employee and immediately terminated following his return from FMLA leave.

56. In doing so, Defendant alleged that Plaintiff was not eligible for FMLA leave, and was therefore terminated for job abandonment after using said leave.

57. Defendant itself placed Plaintiff on FMLA leave.

58. Plaintiff, however, relied on the company's now erroneous representations, and only remained on FMLA leave based on his understanding of his FMLA status as communicated by the company.

59. As such, Defendant is equitably estopped from arguing that Plaintiff is not entitled to FMLA leave.

60. The circumstances of these adverse actions raise an inference of retaliation.

61. Defendant has no legitimate business reasons for the adverse actions against Plaintiff.

62. Defendant's actions against Plaintiff were willful.

63. Plaintiff has suffered damages as a result of Defendant's actions, for which he is entitled to recovery.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

a. Trial by jury;

b. That judgment be entered against Defendant on all claims;

c. Actual, compensatory, and liquidated damages in an amount to be determined by the enlightened conscience of a jury;

d. Punitive damages;

e. Attorney's fees, costs of litigation and any other relief the Court deems just and proper;

f. Declaratory relief to the effect that Defendant violated Plaintiff's statutory rights;

g. Injunctive relief prohibiting Defendant from further unlawful conduct of the type described herein; and

h. Any other relief this Court deems proper and just.

Respectfully submitted this 6th day of July, 2023.

                                    THE KIRBY G. SMITH LAW FIRM, LLC

                                    <u>s/Amanda M. Brookhuis</u>
                                    Amanda Brookhuis
                                    Georgia Bar No. 601396
                                    Kirby G. Smith
                                    Georgia Bar No. 250119
                                    *Attorney for Plaintiff*

4488 North Shallowford Rd.
Suite 105
Atlanta, Georgia 30338
T: (844) 454-7529
F: (877) 352-6253
amb@kirbygsmith.com

10.

## JURY DEMAND

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted this 6th day of July, 2023.

        THE KIRBY G. SMITH LAW FIRM, LLC

        s/Amanda M. Brookhuis
        Amanda Brookhuis
        Georgia Bar No. 601396
        *Attorney for Plaintiff*